### SNYDER v STATE ex HARRIS

Ohio Appeals, 2nd Dist, Franklin Co

No 2148. Decided February 2, 1932

Mr. I. L. Margulis, for plaintiff in error.
Mr. Paul C. Hicks, Columbus, for defendant in error.

ALLREAD, J.

The following errors are assigned:

(1) That there is no sufficient corroboration of the relator's testimony.

(2) That the trial court improperly permitted the child to be exhibited to the jury by the complainant and did not provide for any method by which the appearance of the child might be brought before a higher court.

(3) That there is no evidence in the record to support the judgment rendered.

(4) That the judgment is contrary to and against the manifest weight of the evidence.

Taking these assignments of error up in their order we have reached the conclusion that there was sufficient evidence to require the case to be submitted to the jury. This is not a criminal case where the law in certain cases requires that evidence of the complainant must be corroborated. But being a quasi-criminal case the same would be submitted to the jury upon even the uncorroborated testimony of the complainant when all necessary facts are shown.

Upon the second proposition we are of opinion that it is proper to exhibit a child on the trial of a bastardy case for consideration by the court and jury as to alleged similarity between the child and the alleged father. This is in corroboration of the testimony of the complainant. **Crow v Jordan, 49 Oh St 655; Pummell v State, ex rel., Hill, 22 Oh Ap 340; Richards v The State, 17 C C N S, 51.** This subject is treated in Volume 5 of Ohio Juris. § 44. There was no objection by either party at the time of the exhibition of the child by the complainant to the jury. Subsequently the defendant below exhibited the child and called the attention of the jury to certain dissimilarities between the child and the father. There can in our opinion be no valid objection to the exhibition of the child. It is claimed, however, by the plaintiff in error that no provision is made for the bringing of the child before the appellate court. We are clear, that the burden of perfecting the record in the court below was upon the plaintiff in error and that he has no right to complain in this court of the fact that the record in the court below is not complete.

In respect to the objection that there was no evidence offered to support the judgment for damages, we are of opinion that no evidence is required. The court in the absence of evidence may take judicial notice of the expenses of the mother and render judgment upon such judicial notice. **Hosler v Beard, 62 Oh St 139.**

The next question is as to the weight of the evidence. It is claimed that the failure to produce and offer the testimony of the attending physician was fatal to the rights of the complainant. We think there

was nothing about the birth of the child that would call upon the complainant to produce the attending physicain. So far as the evidence shows the attending physician, if his testimony would favor the defendant, might have been secured by the defendant below and offered as evidence. The case here presents the ordinary case of a conflict of evidence. The complainant was offered as a witness and her testimony is the most important evidence in her own behalf. There is certain other testimony tending to corroborate her. The defendant below was the most important witness in his own behalf, and his testimony was corroborated by other witnesses. The question of the weight of the evidence is in the first instance for the jury.

In **Ohio Jurisprudence, Vol 5, §44,** the following rule is laid down:

"When a bastard child is exhibited to the jury that they may determine any real or fancied resemblance to the putative father, an appellate court, having no such opportunity to examine, is reluctant to reverse the verdict on the weight of the evidence."

This doctrine is established by the cases cited and is peculiarly applicable to the present case. We find unanimously that the verdict is not manifestly against the weight of the evidence, and there being no other prejudicial error, the judgment must be affirmed.

HORNBECK and KUNKLE, JJ, concur.