DeCESARE, Appellee and Cross–Appellant,

v.

NILES CITY SCHOOL DISTRICT BOARD OF EDUCATION,
Appellant and Cross–Appellee.

[Cite as *DeCesare v. Niles City School Dist. Bd. of
Edn.*, 154 Ohio App.3d 644, 2003-Ohio-5349.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2001–T–0117.

Decided Sept. 30, 2003.

Ira J. Mirkin and Barry R. Laine, for appellee.

Christopher J. Newman and George L. White IV, for appellant.

WILLIAM M. O'NEILL, Judge.

{¶ 1} Appellant and cross-appellee, Niles City School District Board of Education ("the board"), appeals from the judgment of the Trumbull County Court of Common Pleas. Appellee and cross-appellant, Diane DeCesare ("DeCesare"), also appeals from the judgment of the trial court. The trial court entered

summary judgment in favor of DeCesare on her claim under the Family Medical Leave Act and in favor of the board on DeCesare's claim under R.C. 4112.02.

{¶ 2} DeCesare worked as a teacher in the Niles School District and was employed by the board. Unfortunately, DeCesare became sick with leukemia. She met with Superintendent Guliano and asked to be excused from teaching her first-period class. The board refused this request. Subsequently, DeCesare resigned her teaching position. She is currently collecting disability payments from the State Teachers Retirement System.

{¶ 3} DeCesare filed the instant lawsuit against the board, alleging that the board violated the Family Medical Leave Act ("FMLA") and R.C. 4112.02, which prohibit discrimination based on disability. DeCesare moved for partial summary judgment on the issue of liability. The board filed a cross-motion for summary judgment. The trial court granted DeCesare's motion for partial summary judgment regarding the FMLA issue. The trial court granted the board's cross-motion for summary judgment regarding the claim for handicap discrimination, pursuant to R.C. 4112.02. Although DeCesare's complaint alleges handicap discrimination, we note that the statutory language of R.C. 4112.02 has been changed from "handicap" to "disability"; thus, we will use the term "disability discrimination" in this opinion.

{¶ 4} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] The standard of review for the granting of a motion for summary judgment is de novo.[2]

{¶ 5} In a summary judgment exercise, the burden is on the moving party to point to some evidence that shows that there are no genuine issues of material fact. If the moving party does not meet this burden, summary judgment should not be entered.[3]

{¶ 6} The board raises the following assignment of error:

{¶ 7} "The trial court erred to the prejudice of Niles in granting summary judgment in favor of plaintiff/appellee, as to count one of the complaint."

{¶ 8} In her motion for partial summary judgment, DeCesare sought judgment on two issues relating to the FMLA. The first is that the board violated the FMLA by not granting her request for leave, and the second is that the board violated the FMLA by not discussing her rights under the FMLA with her. The

---

1. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

2. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

3. *Dresher v. Burt*, 75 Ohio St.3d at 293, 662 N.E.2d 264.

trial court apparently granted DeCesare's motion in toto on the FMLA issues, as the language of the judgment entry merely states that DeCesare's motion regarding FMLA is granted.

{¶ 9} DeCesare cites *Knussman v. Maryland* for an analysis of the distinction between the general and customized notice requirements of FMLA. This case states:

{¶ 10} "[T]he FMLA and accompanying regulations *require* employers to issue two forms of notice to employees—a generalized notice posted at the employer's premises and a customized notice of FMLA rights and procedures issued to an employee *who indicates a need to take leave* for an FMLA-qualifying purpose. 29 U.S.C. 2619(a)(Supp.1997) (posting requirement); 29 C.F.R. §§ 825.301(c) & 825.302(c) (customized notice requirements)."[4]

{¶ 11} In the case sub judice, there was general language in the contract between the union and the board advising employees about the FMLA. Although this language may have satisfied the general posting requirement, it did not satisfy the customized posting requirement. The board needed to notify DeCesare specifically of the FMLA when she requested leave.

{¶ 12} The board argues that an employer has a duty to discuss only applicable provisions of the FMLA if the employee requests a qualifying leave. The FMLA guarantees " 'eligible employees 12 weeks of leave in a 1–year period following certain events: a disabling health problem; a family member's serious illness; or the arrival of a new son or daughter.' "[5] DeCesare requested leave because she had leukemia, a disabling health problem. Therefore, she requested a FMLA qualifying leave. We are not stating that DeCesare is entitled to leave under FMLA, only that she was requesting a qualifying leave. However, she was entitled to notice so that she could explore her options, including applying for leave under the FMLA.

{¶ 13} The board contends that DeCesare did not qualify for leave under the FMLA because she did not want a reduction in pay or benefits. However, this fact did not relieve the board of its duty to discuss the FMLA with DeCesare so that she was aware of her options. Moreover, while the FMLA does provide for unpaid leave, it also permits paid leave through the use of accrued sick or vacation time at the discretion of the employee or employer.[6]

**4.** (Emphasis added.) *Knussman v. Maryland* (D.C.Md.1998), 16 F.Supp.2d 601, 608.

**5.** *Wiles v. Medina Auto Parts*, 96 Ohio St.3d 240, 2002-Ohio-3994, 773 N.E.2d 526, at ¶ 13, quoting *Ragsdale v. Wolverine World Wide, Inc.* (2002), 535 U.S. 81, 87, 122 S.Ct. 1155, 152 L.Ed.2d 167.

**6.** Sections 2612(d)(1) and (2), Title 29, U.S.Code.

{¶ 14} The board had an obligation to specifically discuss the FMLA with DeCesare. This duty arose when DeCesare indicated her desire to have a reduction in her workload as a result of a disability. Therefore, the trial court did not err by granting summary judgment in favor of DeCesare on the issue that the board violated the FMLA by not notifying DeCesare of her rights under the FMLA. The board's assignment of error is without merit, as it relates to the notice issue of DeCesare's motion for partial summary judgment.

{¶ 15} However, there remains a genuine issue of material fact as to whether the board violated the FMLA by not providing leave to DeCesare. The board did not notify DeCesare of her rights under the FMLA, nor did DeCesare specifically request or apply for leave under the Act. This issue needs to be decided by a trier of fact. Thus, the trial court erred by granting DeCesare's motion for summary judgment on the issue that the board violated DeCesare's rights under the FMLA by not granting her leave. The board's assignment of error has merit regarding this issue.

{¶ 16} DeCesare raises the following assignment of error on her cross-appeal:

{¶ 17} "The trial court erred by granting summary judgment dismissing plaintiff's cause of action based on Ohio Revised Code Chapter 4112."

{¶ 18} Both parties cite *Hood v. Diamond Products, Inc.*, as authority for a claim of disability discrimination under R.C. Chapter 4112, wherein the Supreme Court of Ohio held:

{¶ 19} "In order to establish a prima facie case of [disability] discrimination, the person seeking relief must demonstrate (1) that he or she was [disabled], (2) that an adverse employment action was taken by an employer, at least in part, because the individual was [disabled], and (3) that the person, though [disabled], can safely and substantially perform the essential functions of the job in question."[7]

{¶ 20} Once the plaintiff establishes a prima facie case for disability discrimination, the burden shifts to the defendant to provide a legitimate, nondiscriminatory reason for the action.[8] If the defendant can establish a legitimate, nondiscriminatory reason for the action, the plaintiff must show that the defendant's stated reason was a pretext for impermissible discrimination.[9] This burden-shifting

---

7. *Hood v. Diamond Products, Inc.* (1996), 74 Ohio St.3d 298, 658 N.E.2d 738, paragraph one of the syllabus.

8. Id. at 302, 658 N.E.2d 738, citing *Plumbers & Steamfitters Joint Apprenticeship Commt. v. Ohio Civ. Rights Comm.* (1981), 66 Ohio St.2d 192, 197, 20 O.O.3d 200, 421 N.E.2d 128.

9. Id.

exercise was derived from the analysis set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green.*[10]

{¶ 21} It is uncontested that DeCesare is disabled due to her disease. This fact was admitted by the board in its answer to the complaint. The board asserts that DeCesare was unable to meet her burden of a prima facie case for disability discrimination because she was unable to prove the second or third prongs of the *Hood* test, supra. Even if it was determined that the board's refusal to allow DeCesare to be excused from teaching first period is not an adverse employment action, she would not be barred from recovery under R.C. Chapter 4112. This is because "disability discrimination [claims] under the ADA can include both an employer's taking an adverse employment action based on an employee's disability and an employer's failure to make a reasonable accommodation."[11] In addition, this court has noted that the Ohio Administrative Code places a duty on employers to make reasonable accommodations:

{¶ 22} "The employer has an obligation to make a reasonable accommodation to the [disability] of an employee unless the employer can prove that such accommodation would impose an undue hardship on the conduct of employer's business."[12]

{¶ 23} The *Hood/McDonnell Douglas* burden-shifting exercise and prima facie case requirements do not apply to failure-to-accommodate cases.[13] Rather, employees must demonstrate that (1) they were disabled, (2) the employer knew of the disability, and (3) they were qualified for the position, i.e., they met the prerequisites for the position and could perform the essential functions of the job with, or without, reasonable accommodations.[14]

{¶ 24} In *Shaver*, the Tenth Appellate District conducted a detailed examination of federal case law regarding an employer's duty to assist an employee in finding a reasonable accommodation. Various federal courts have held that the

---

10. See, e.g., *Shaver v. Wolske & Blue* (2000), 138 Ohio App.3d 653, 663, 742 N.E.2d 164, citing *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668.

11. *Shaver v. Wolske & Blue*, 138 Ohio App.3d at 663, 742 N.E.2d 164, citing *Taylor v. Phoenixville School Dist.* (C.A.3, 1999), 184 F.3d 296, 306; *Monette v. Electronic Data Sys. Corp.* (C.A.6, 1996), 90 F.3d 1173, 1183; *Pfost v. Ohio State Atty. Gen.* (Apr. 26, 1999), 10th Dist. No. 98AP–690, 1999 WL 236182.

12. *Kent State Univ. v. Ohio Civ. Rights Comm.* (1989), 64 Ohio App.3d 427, 435, 581 N.E.2d 1135, citing Ohio Adm.Code 4112–5–08(E)(1).

13. *Shaver v. Wolske & Blue*, 138 Ohio App.3d at 663, 742 N.E.2d 164, citing *Bultemeyer v. Ft. Wayne Community Schools* (C.A.7, 1996), 100 F.3d 1281, 1283–1284.

14. Id.

duty ranges from participating in an interactive process with the employee, to the duty being placed on both parties, to the employer's duty being triggered only after the employee had demonstrated that a reasonable accommodation is available.[15]

{¶ 25} The Tenth Appellate District proceeded to follow the holdings of the Third and Fifth Circuits, that an employer's duty to participate in an interactive process is triggered upon an employee's request for accommodation.[16] This holding is consistent with this court's decision in *Kent State Univ. v. Ohio Civ. Rights Comm.*, where this court held that Kent State's minimal attempts at accommodation were not sufficient and that Kent State had a duty to provide a reasonable accommodation.[17] Accordingly, we adopt the following test set forth by the Third Circuit and adopted by the Tenth District:

{¶ 26} " 'To show that an employer failed to participate in the interactive process, a disabled employee must demonstrate: 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith.' "[18]

{¶ 27} There was evidence before the trial court showing that DeCesare was disabled and that she requested an accommodation. Thus, the first two prongs of the above test have been satisfied. This court has previously turned to the Administrative Code for guidance on what type of accommodations would be suitable:

{¶ 28} " 'Accommodations may take the form, for example, of providing access to the job, job restructuring, acquisition or modification of equipment or devices, or a combination of any of these. *Job restructuring may consist, among other things, of realignment of duties, revision of job descriptions or modified and part-time work schedules.'* * * *"[19]

{¶ 29} By asking to be relieved of her first-period teaching assignment, DeCesare was requesting either a realignment of duties or a part-time work

---

**15.** (Citations omitted.) Id. at 664, 742 N.E.2d 164.

**16.** Id. at 664, 742 N.E.2d 164, citing *Taylor v. Phoenixville School Dist.*, supra; and *Taylor v. Principal Fin. Group, Inc.* (C.A.5, 1996), 93 F.3d 155.

**17.** *Kent State Univ. v. Ohio Civ. Rights Comm.*, 64 Ohio App.3d at 436–437, 581 N.E.2d 1135.

**18.** *Shaver v. Wolske & Blue*, 138 Ohio App.3d at 664, 742 N.E.2d 164, quoting *Taylor v. Phoenixville School Dist.*, 184 F.3d at 319–320.

**19.** (Emphasis added.) *Kent State Univ. v. Ohio Civ. Rights Comm.*, 64 Ohio App.3d at 436, 581 N.E.2d 1135, quoting Ohio Adm.Code 4112–5–08(E)(2).

schedule. There remains genuine issues of material fact as to whether the board made a good-faith effort reasonably to accommodate DeCesare's disability.

{¶ 30} The board argues that an undue hardship would be created if it were forced to accommodate DeCesare's request. The board notes that part-time employees are not recognized by the contract between the board and the teacher's union. The board claims that there would be considerable expense and risk if the accommodation was made. Whether there was an undue hardship is also a material question of fact. Moreover, the suggestion that a reasonable accommodation cannot be made due to a conflict with the contract is irrelevant, as an employee's rights under federal and state law cannot be superseded by contract.

{¶ 31} As there remain genuine issues of material fact on the handicap-discrimination issue, the trial court erred by entering summary judgment in favor of the board. DeCesare's assignment of error has merit.

{¶ 32} The judgment of the trial court is affirmed only in respect to granting partial summary judgment in favor of DeCesare regarding the board's failure to notify her of her rights under the FMLA. We note that this judgment goes only to the issue of liability. The remaining judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part
and cause remanded.

DONALD R. FORD, P.J., and CYNTHIA WESTCOTT RICE, J., concur.