OPINION
{¶ 1} Plaintiff-appellant, Duane Hansman, appeals a decision of the Butler County Court of Common Pleas affirming the Unemployment Compensation Review Commission's determination that appellant is not entitled to unemployment benefits. We affirm the decision of the trial court.
 {¶ 2} USF Holland discharged appellant from employment on October 31, 2001. Appellant filed an application for unemployment benefits with the Ohio Department of Jobs and Family Services (ODJFS) in January 2002. Although it initially allowed the claim for benefits, ODJFS subsequently determined appellant was not entitled to benefits because USF Holland discharged appellant for just cause due to excessive absences and tardiness. Appellant appealed this determination and the findings were affirmed pursuant to a Director's Re-determination. Appellant appealed the Re-determination.
 {¶ 3} The case was transferred to the Unemployment Review Commission. A hearing officer conducted a hearing on the appeal by telephone. Appellant and a union steward testified. The employer did not participate in the hearing. The hearing officer affirmed the Director's Re-determination denying benefits. Appellant appealed the decision to the Butler County Court of Common Pleas pursuant to R.C. 4141.282. The trial court determined that the Review Commission's decision was not unlawful, unreasonable or against the manifest weight of the evidence and affirmed the denial of benefits.
 {¶ 4} Appellant now appeals the trial court's decision affirming the Review Commission's denial of benefits. In a single assignment of error, he contends that the trial court erred in affirming the denial of unemployment benefits. Within this assignment of error, appellant raises several issues for our consideration.
 {¶ 5} When reviewing a decision of the Unemployment Commission, both the court of common pleas and appellate courts must affirm the commission's decision unless it is unlawful, unreasonable or against the manifest weight of the evidence. Tzangas, Plakas Mannos v. OhioBur. of Emp. Serv., 73 Ohio St.3d 694, 697, 1995-Ohio-206. Appellate courts are not permitted to make factual findings or determine the credibility of witnesses. Id. at 696. Instead, reviewing courts have a duty to determine whether the decision is supported by evidence in the record. Id., citing Irvine v. Unemp. Comp. Bd. of Rev. (1985),19 Ohio St.3d 15, 17-18.
 {¶ 6} In this case, the hearing officer found that USF Holland's records indicate numerous instances in which appellant was warned that disciplinary action would be taken with respect to his absenteeism or tardiness. The hearing officer further found that USF Holland had also previously warned appellant of other actions, such as insubordination and poor work record, which would result in further disciplinary action if continued. The hearing officer stated that appellant denied receipt of the written warnings and did not participate in a hearing the employer conducted concerning his absenteeism and tardiness.
 {¶ 7} The hearing officer found that appellant admitted to several instances of tardiness or absenteeism, but claimed that he called off in a timely manner and in accordance with company policy, although there was no written policy regarding this matter. The hearing officer noted that appellant objected to the notion that he could be terminated for absenteeism or tardiness because no such policy was included in the union contract. However, the hearing officer found that it is rational that an employer should have the ability to discipline an employee for failing to properly and promptly report for work without such a provision in a union contract.
 {¶ 8} On appeal, appellant contends the trial court erred in affirming the hearing officer's decision because it relied on unverified documents and gave more credit to these documents than the testimony of appellant and his witness. Appellant argues that the court cannot give more credit to these documents and "must accept the blind testimony of the employee and his witness."
 {¶ 9} When determining whether an employee is entitled to unemployment benefits, the Review Commission is not bound by the strict rules of evidence. R.C. 4141.28(J) specifically provides that hearing officers "are not bound by common law or statutory rules of evidence or by technical or formal rules of procedure." The aim of this section is to "avoid the rigid formality imposed by technical rules of evidence, while constructing an efficient method for ascertaining a claimant's entitlement to unemployment compensation benefits." Simon v. Lake GeaugaPrinting (1982), 69 Ohio St.2d 41, 43.
 {¶ 10} Appellant argues that this court should follow a line of cases which hold that while hearsay evidence is admissible, it is unreasonable to give credit to the hearsay evidence over the testimony of a live witness. See, e.g., Cunningham v. Jerry Spears Co. (1963),110 Ohio App. 169; Shirley v. Administrator Taylor v. Bd. of Review
(1984), 20 Ohio App.3d 297; Green v. Invacare Corp. (May 26, 1993), Lorain App. No. 92CA5451; Dean v. Bd. of Review (June 30, 1987), Lake App. No. 11-233.
 {¶ 11} However, we first note that in the majority of cases cited by appellant, this rule applied because there were reliability issues in regard to the hearsay evidence. Furthermore, at least two courts have factually distinguished cases from this rule or expressed an unwillingness to apply such a rigid rule in every situation. See Adanichv. Ohio Optical Dispensers Bd. (Oct. 8, 1991), Franklin App. No. 91-AP-300, 301; Mason v. Administrator (Apr. 7, 2000), Hamilton App. No. C-990573.
 {¶ 12} We find that rigid application of a rule automatically crediting sworn testimony over hearsay evidence is inconsistent with the duty of the fact-finder to weigh and consider the evidence. The Ohio Supreme Court found that the logical corollary of allowing evidence in unemployment hearings that would be otherwise inadmissible is that such evidence must be weighed and considered, not only at the hearing itself, but also on appellate review. Simon v. Lake Geauga Printing Co. (1982),69 Ohio St.2d 41, 43. A rigid rule would remove this duty from the fact-finder. Furthermore, we note that a fact-finder is not required to accept the testimony of a witness simply because no contrary evidence is presented. See Wilhoite v. Kast, Warren App. No. CA2001-01-001, 2001-Ohio-8621. Thus, we find that in an administrative hearing such as this, the fact-finder is not required to blindly accept sworn testimony over otherwise inadmissible evidence. Instead, the reliability of the evidence must be examined and weighed, as must the credibility of testifying witnesses.
 {¶ 13} Thus, we find no merit to appellant's argument that the hearing officer was automatically required to credit his testimony above any hearsay evidence. Furthermore, after examining the type of hearsay evidence at issue in this case, we find no error in the hearing officer's decision to give weight to such evidence. The evidence at issue consists of letters written by USF Holland to appellant warning him that he violated company policy for absenteeism or tardiness on various occasions. These documents appear to have been created as part of a company policy, and not in contemplation of appellant's request for unemployment benefits and we find nothing inherently unreliable in the letters themselves.
 {¶ 14} Appellant also objects to the hearing officer's consideration of an unsigned fax that is a summation of the information in appellant's employment file. However, this document simply chronicles the dates appellant was sent disciplinary letters. This information could easily be verified or disproved by a review of appellant's employment file.[1]
 {¶ 15} In addition, appellant's testimony did not directly contradict anything contained in the letters. Appellant did not specifically dispute the fact that he was absent or tardy on some of the dates alleged by the employer and, in fact, admitted that he was not at work or was late on several occasions.[2] Appellant alleges that he did not receive all of these letters. However, this fact would not make the letters themselves any less reliable. Thus, we find that the hearing officer did not err by considering this evidence in his decision.
 {¶ 16} Appellant also argues on appeal that the hearing officer was biased, had already formed an opinion and disregarded basic law fundamental to unemployment compensation hearings. In discussion of this issue, he again argues that the hearing officer should not have credited the hearsay evidence over his testimony. As stated above, the hearing officer did not impermissibly credit the employer's documents above appellant's testimony.
 {¶ 17} Appellant also argues that the hearing officer repeatedly attempted to "put words in appellant's mouth." In determining whether there was just cause for appellant's termination, the hearing officer had an affirmative duty to ascertain the relevant facts and fully develop the record. R.C. 4141.281(C). After reviewing the transcript of the hearing, we find no impermissible or suggestive questioning by the hearing officer.
 {¶ 18} Appellant also contends that the hearing officer required appellant to rebut the hearsay evidence with some type of written documentation. Appellant stated that some of the dates on the employer's list of dates he was tardy or absent did not coincide with the forms that he had. The hearing officer asked if appellant had a list or record of the dates he was absent or tardy and was excused, but appellant indicated that he did not, and stated that the employer refused to turn over its records to him. The hearing officer then stated that he needed appellant to refute the evidence presented by the employer that appellant was tardy or absent on several occasions.
 {¶ 19} The Revised Code provides that "[n]o person shall impose upon the claimant or the employer any burden of proof as is required in a court of law." R.C. 4141.281(C)(2). However, a review of the transcript reveals that the hearing officer's questioning was in the nature of inquiring if appellant had any documentary evidence to support his various claims in light of the employer's documentary evidence that appellant was late/absent from work on several occasions. Thus, we find that the hearing officer did not impermissibly place a burden of proof on appellant, but simply required some type of corroborating evidence to support his claims.
 {¶ 20} Finally, appellant makes an argument that appears to dispute the hearing officer's determination that he was terminated for just cause. A claimant is ineligible for unemployment benefits if he is discharged from his employment with just cause. R.C. 4141.29(D)(2)(a). Just cause for termination exists when an employee, "by his actions, demonstrate[s] an unreasonable disregard for his employer's best interests." Kikka v. Ohio Bur. of Emp. Services (1985), 21 Ohio App.3d 168,169.
 {¶ 21} In this case, appellant admitted that on several occasions he was late or absent from work. He argued instead that he acted pursuant to an unwritten policy of calling in on these occasions. However, he failed to present any documentation or other evidence of such a policy. Furthermore, although it was within the hearing officer's discretion to disbelieve appellant's testimony on this issue without contrary evidence, the fact that the employer sent disciplinary letters to appellant on dates that he claims to have called in pursuant to this unwritten policy tends to refute appellant's allegation that such a policy existed.
 {¶ 22} Appellant also contends that the discharge was without just cause because no written policy existed on the issue. However, we agree with the hearing officer that an employer has the right to discharge an employee for being tardy or absent from work in spite of the absence of a written policy on the subject. See id. at 169.
 {¶ 23} In conclusion, we find no merit to any of the various arguments raised by appellant. The trial court did not err in affirming the Commission's determination because the hearing officer's decision was not unlawful, unreasonable, or against the manifest weight of the evidence.
 {¶ 24} Judgment affirmed.
Walsh and Valen, JJ., concur.
[1] We note that appellant mentioned several times at the hearing and again in his brief, that he asked USF Holland for records but never received them. However, it was appellant's duty to subpoena these records if necessary. See Ohio Adm. Code 4146-7-02 (C)(5).
[2] Instead, he argued that he acted within an unwritten policy and called in on these occasions.