OPINION
{¶ 1} Plaintiff-appellant, Kim F. Bruce, appeals a decision of the Madison County Court of Common Pleas that affirmed the decision of the Unemployment Compensation Review Commission ("Commission") disallowing benefits.[1] We affirm the decision of the trial court.
 {¶ 2} Appellant had worked as the Human Resources Manager at the West Jefferson facility of Harsco, Corp., Capitol Manufacturing, Inc. ("Capitol") since May 1, 2000. Appellant testified that Bobby Stamper, a Capitol employee, told her he was scheduled to appear in court and that he could possibly receive jail time. Appellant told Stamper to ask his attorney and judge whether they would allow him to participate in a work release program.
 {¶ 3} On September 11, 2001, Stamper approached appellant about writing a letter[2] for his attorney and the judge regarding participating in a work release program. Appellant testified that Stamper told her that he needed a letter to state his hours of employment, his drive time and any overtime hours involved in order to be eligible for the work release program. She further explained, upon cross-examination, that his drive time was to be included in his "hours worked."
 {¶ 4} Appellant wrote and gave the requested letter to Stamper on September 11, 2001. The letter stated in pertinent part the following:
 {¶ 5} "This letter is a `character' reference on our employee Bobby Stamper. Bobby's employment began with Capital Manufacturing on February 26, 2001. Even though his employment has been for a short period of time, Bobby is in a critical
position as a heavy threader. As a heavy threader, Bobby is responsible for the final stages in preparing pipe to our client specifications. Without Bobby, in this position his co-workers will be unable to perform their jobs or complete our client orders. Therefore, his co-workers and the Company depend on Bobby. Bobby is known to be a team player, well liked by his supervisors and peers. His attendance is in very good standing with Capitol Manufacturing.
 {¶ 6} "Currently Bobby's regular work hours are Monday through Friday 3:30 a.m. to 3:00 p.m. Capitol Manufacturing is currently in an [sic] `mandatory' overtime mode [sic] meaning we expect Bobby to work Saturdays from 3:30 a.m. to 3:00 p.m. It would be most appreciative to have Bobby on a work release program."
 {¶ 7} The following week, on September 17, 2001, appellant faxed a letter to the Clark County Jail with an update of Stamper's work hours. In the fax she stated, "Bobby Stamper is an employee of Capitol Manufacturing, he is currently on a work release program. For the week of September 17, 2001, Mr. Stamper is required to work overtime. It is necessary for Mr. Stamper to leave the Clark County Jail by 5:00 a.m. to meet his scheduled work time."
 {¶ 8} The same day that appellant faxed the letter, she suffered a ruptured aneurysm in her leg requiring her to take medical leave. Appellant was not able to return to work until October 15, 2001.
 {¶ 9} While appellant was out on medical leave, the Clark County Sheriff's Department called Capitol regarding Stamper's work hours. The sheriff's office related to Capitol that a neighbor of Stamper's complained that Stamper had been seen at home. Capitol checked Stamper's work hours and found that he worked the 6:00 a.m. to 2:30 p.m. shift. The September 11 letter stated that he worked from 3:30 a.m. to 3:00 p.m. Stamper did work overtime three days in the time period from Monday, September 10, 2001 to Monday, September 17, 2001. Stamper's time card shows that on those days, he clocked in two hours earlier, working from 4:00 a.m. to 2:30 p.m. Contrary to the September 11 letter, Capitol also noted that Stamper had not worked any Saturdays of overtime.
 {¶ 10} In the September 17 letter to the Clark County Jail, appellant related that Stamper was still working overtime. Capitol noted that Stamper only worked overtime on September 17 of that week, and did not work that Saturday.
 {¶ 11} After clarifying Stamper's work hours, Capitol officials felt that appellant had falsified employer records and documents. On the day that appellant returned to work from her medical leave, she was discharged for falsification of company documents.
 {¶ 12} Appellant filed a claim for unemployment compensation. The claim was initially allowed. Capitol appealed and the determination was affirmed on reconsideration. Capitol then appealed the decision on reconsideration. On appeal, a Commission hearing officer found that appellant had been terminated for just cause and therefore denied appellant's claim for unemployment compensation. Appellant filed an appeal with the Madison County Court of Common Pleas. The common pleas court affirmed the hearing officer's decision. Appellant appeals this decision raising three assignments of error.
 {¶ 13} Assignment of Error No. 1:
 {¶ 14} "The hearing officer erred to the prejudice of appellant in finding the terminations to be with `just cause.'"
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "The stated reason for appellant's termination was pretextual, unlawful, unreasonable and against the manifest weight of the evidence."
 {¶ 17} In order to facilitate our analysis, we will address appellant's first and second assignments of error together. Appellant argues that she was terminated without just cause and that the decision was pretextual, unlawful, unreasonable and against the manifest weight of the evidence. She argues that no evidence of fault or misconduct to support a just cause termination was produced as the letters she wrote correctly stated Stamper's work hours and responsibilities at the time she wrote them.
 {¶ 18} We note that appellant states in her second assignment of error that the stated reason for her termination was "pretextual, unlawful, unreasonable and against the manifest weight of the evidence." She misstates the standard of review in unemployment compensation cases, as the correct standard is "unlawful, unreasonable and against the manifest weight of the evidence." Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv.,73 Ohio St.3d 694, 1995-Ohio-206, paragraph one of the syllabus. In appellant's third assignment of error she argues that the scope of her cross-examination and presentation of evidence was limited. In this assignment of error she argues that Capitol's reason for terminating her was pretextual. Therefore, we will address appellant's assertion of pretext in our analysis of her third assignment of error.
 {¶ 19} A claimant is ineligible for unemployment compensation where she is discharged from her employment with just cause. R.C.4141.29(D)(2)(a). Just cause for termination exists when an employee demonstrates by her actions "an unreasonable disregard for [her] employer's best interests." Kiika v. Ohio Bur. Of Emp.Services (1985), 21 Ohio App.3d 168, 169; see, also, Hansman v.Ohio Dept. of Job Family Services, Butler App. No. CA2003-09-224, 2004-Ohio-505, ¶ 20. "If an employer has been reasonable in finding fault on behalf of an employee, then the employer may terminate the employee with just cause." Tzangas,73 Ohio St.3d 694 at 698.
 {¶ 20} When reviewing a decision of the Unemployment Commission, we must affirm the commission's just cause determination unless it is unlawful, unreasonable or against the manifest weight of the evidence. Tzangas, at paragraph one of the syllabus. We are not permitted to make factual findings or determine the credibility of witnesses. Id. at 696. Reviewing courts instead have a duty to determine whether the decision is supported by evidence in the record. Id.
 {¶ 21} Here, the hearing officer found that appellant had falsified company documents in violation of company rules. Specifically, the hearing officer found that the greater weight of the evidence established that appellant falsified Stamper's job duties and work hours in the September 11 and September 17 letters.
 {¶ 22} Appellant first argues that she did not violate a company rule. The company rule states:
 {¶ 23} "Falsification of any record including employment application, physical examination form, inspection form, funeral leave form, or any other form giving information required by the Company. Making false statements or lying to the Company."
 {¶ 24} When appellant wrote the letters, she used company letterhead. The letters were given to the Clark County Jail and a Clark County court providing information that was requested from Capitol. Part of appellant's job duties included writing letters for work release individuals. Therefore, these letters are company documents which an employee is prohibited from falsifying.
 {¶ 25} Both parties presented evidence in support of their respective positions as to whether appellant was terminated for just cause. Evidence was presented that the "regular work hours" listed in the September 11 letter were incorrect, that Stamper never worked overtime on a Saturday, and appellant misstated Stamper's job duties.
 {¶ 26} Appellant initially argues that she correctly reported Stamper's work hours in the letters. She contends that the work hours she related in the September 11 letter include the drive time from the jail to Capitol as the court requested.
 {¶ 27} In the September 11 letter, appellant listed Stamper's "regular work hours" as Monday through Friday from 3:30 a.m. to 3:00 p.m. According to Stamper's time card, his work hours were from 6:00 a.m. to 2:30 p.m. He did work overtime on three days; however, on those days, his work hours were from 4:00 a.m. to 2:30 p.m.
 {¶ 28} Appellant maintains that she included Stamper's drive time in the work hours she related in the letter and that is why they are different than the hours listed on his timecard. She states that Stamper told her the court[3] requested it to be included. However, appellant admitted that she did not confirm whether Stamper's statement was accurate.
 {¶ 29} Moreover, in contrast to the September 11 letter, appellant did not include the drive time in the September 17 letter as "regular work hours" when she wrote that he needed to leave the jail by 5:00 a.m. in order to meet his work schedule. A Capitol human resource employee testified that Stamper told her that appellant wrote the letters so as to allow him to spend time with his family and have time to clean up before he returned to jail.
 {¶ 30} Appellant also asserts that Capitol was in a "manadatory overtime mode [,] meaning" that Stamper was expected "to work Saturdays from 3:30 a.m. to 3:00 p.m." Stamper's time card shows that he did not work any Saturdays. Appellant argues that she heard in a staff meeting that the plant would be on overtime, and that is why she included that information in the letter.
 {¶ 31} Further, appellant stated in the September 11 letter, that as to Stamper's job duties, his job was "critical." The letter went on to state that without him "his co-workers will be unable to perform their jobs or complete our client orders." The plant manager testified that Stamper's position was not critical.
 {¶ 32} After thoroughly reviewing the record, we find the evidence supports the hearing officer's finding that appellant was terminated for just cause. The trial court did not err in affirming the hearing officer's decision as this decision was not unlawful, unreasonable, nor against the manifest weight of the evidence. Appellant's first and second assignments of error are overruled.
 {¶ 33} Assignment of Error No. 3:
 {¶ 34} "The hearing officer improperly limited the scope of appellant's cross-examination and presentation of evidence."
 {¶ 35} Appellant maintains that during the hearing, she was prevented from questioning Capitol's witnesses and prevented from showing that the reason given for terminating her was pretextual. She argues that Capitol wished to terminate her because of her health problems.
 {¶ 36} We agree with the trial court's statement that, "[t]here is nothing in the evidence adduced that suggests pretext. Nor did [a]ppellant make a proffer of evidence to support pretext." Moreover, appellant has provided no citations to cases that show that pretext is an issue considered in unemployment compensation cases. Appellant was discharged for violating company policy against falsification of company documents, and as we found above, evidence was produced to support that decision. Appellant's third assignment of error is overruled.
 {¶ 37} Judgment affirmed.
Young, P.J., and Powell, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.
[2] It is not apparent from the record to whom the letter was addressed. Appellant testified that she wrote the September 11, 2001 letter for Stamper to give to the judge in his case so that he would be allowed to participate in the work release program.
[3] From the record, it is unclear to whom "the court" refers.