OPINION
{¶ 1} Appellant-appellant, Vacuform Industries, Inc., appeals from a judgment of the Franklin County Court of Common Pleas, affirming a decision of the Unemployment Compensation Review Commission ("UCRC" or "commission"), that granted claimant James C. Shaw's ("Shaw"), request for unemployment compensation. *Page 2 
 {¶ 2} According to the evidence adduced at the hearing, Shaw began working for Vacuform Industries, Inc., doing business as, Total Image Specialists, Inc. ("employer") in the early 1990's. The employer had a no-fault attendance policy based on a point system. Each new associate started with zero occurrences. Points were assessed as follows: 0.5 point for being tardy, quitting early, or failing to clock in or clock out; 1 point for being tardy and quitting early in the same day; and 1 point for each day absent. Consecutive days of absenteeism resulted in the employee being charged only 1 point if a doctor's excuse was presented before the employee returned to work and the excuse covered the time period in which the employee was absent.
 {¶ 3} The discipline given as a result of accumulated points was as follows: 4 points resulted in the employee being given a verbal warning; 6 points resulted in the employee being given a written warning; 8 points resulted in the employee being given a final written warning; and 9 points resulted in the employee being terminated from employment. Pursuant to the collective bargaining agreement, no points were assessed for an absence covered by the Family and Medical Leave Act ("FMLA"). The employer also permitted an employee to have 2.5 points removed from his or her attendance record each year.
 {¶ 4} During 2005, Shaw accumulated 10.5 points; however, pursuant to the employer's policy, 2.5 of those were removed. Thus, from April 16, 2005 to December 14, 2005, Shaw had a total of eight points. As a result, on December 20, 2005, Shaw was given a final written warning regarding his attendance. On Friday, February 10, 2006, Shaw's wife called Shaw's employer and informed them that Shaw would not be at work the following week because he was being hospitalized. Shaw was *Page 3 
absent from work from Monday, February 13, 2006 to Thursday February 16, 2006. During this time, Mrs. Shaw called the employer daily to inform them that Shaw would not be at work. On Friday, February 17, 2006, Shaw was discharged from the hospital and went to work later that day. Mr. Stephens, Shaw's plant superintendent, testified he verbally requested a medical excuse. Though Mrs. Shaw testified she gave a medical excuse to Mr. Stephens the following day, Mr. Stephens denied receiving any physician's excuse. For the February 2006 four-day absence, Shaw was assessed 1 point.
 {¶ 5} After February 2006, Shaw accumulated 0.5 points on March 20, 27, 29, 2006, and a total of 1 point on April 7, 2006. Therefore, between February 14 and April 7, 2006, Shaw accumulated a total of 3.5 points. Pursuant to the employer's policy, 2.5 points were removed, leaving Shaw with 1 point accumulated during this time frame. The addition of that 1 point brought Shaw's attendance point total to 9 points.
 {¶ 6} On April 12, 2006, the employer notified Shaw he had accumulated 9 points in a 12-month period and that his employment was therefore terminated. On April 13, 2006, Shaw applied to the Ohio Department of Job and Family Services ("ODJFS") for unemployment compensation benefits for a benefits year beginning April 9, 2006. On May 4, 2006, ODJFS disallowed Shaw's application for benefits finding he was discharged from employment for just cause in connection with work. In a redetermination, the Director of ODJFS affirmed the initial determination. Shaw appealed and the Director transferred jurisdiction to the UCRC. A hearing officer for the UCRC held hearings on August 8 and October 26, 2006. On November 22, 2006, the hearing officer determined the employer could not assess points against Shaw for missing work from February 13 to February 16, 2006, because such absence was FMLA leave. Therefore, because Shaw *Page 4 
did not have 9 points necessary for termination, the hearing officer concluded Shaw was discharged from employment without just cause in connection with work, reversed the May 25, 2006 redetermination, and remanded the claim to ODJFS for a determination of Shaw's monetary entitlement. The employer appealed, and on January 18, 2007, the UCRC issued a "Decision Disallowing Request for Review." On February 15, 2007, pursuant to R.C. 4141.282, appellant appealed to the Franklin County Court of Common Pleas. The trial court did not find the UCRC's decision was unlawful, unreasonable, or against the manifest weight of the evidence, and in accordance with R.C. 4141.282(H), affirmed the decision of the UCRC.
 {¶ 7} This appeal followed, and the employer brings the following three assignments of error for our review:
 ASSIGNMENT OF ERROR NO. 1
 THE LOWER COURT ERRED WHEN IT FOUND THAT [TOTAL IMAGE SPECIALISTS] COULD NOT ASSESS POINTS AGAINST SHAW UNDER ITS NO-FAULT ATTENDANCE POLICY AGAINST SHAW FOR HIS UNEXCUSED ABSENCES FROM FEBRUARY 13 THROUGH 16, 2006.
 ASSIGNMENT OF ERROR NO. 2
 THE LOWER COURT ERRED WHEN IT FOUND THAT SHAW WAS PROTECTED UNDER THE FMLA WHEN HE FAILED TO PROVIDE A MEDICAL CERTIFICATION, REQUESTED BY [TOTAL IMAGE SPECIALISTS], TO EXPLAIN HIS ABSENCES FROM FEBRUARY 13 THROUGH 16, 2006.
 ASSIGNMENT OF ERROR NO. 3
 THE LOWER COURT ERRED BY DISREGARDING SHAWS VIOLATION OF [TOTAL IMAGE SPECIALISTS'] NO-FAULT ATTENDANCE POLICY, AND FOCUSING EXCLUSIVELY *Page 5 
 ON THE POINT ASSESSMENT FOR SHAWS ABSENCES IN FEBRUARY 2006.
 {¶ 8} Because appellant does not develop these assignments of error in its brief, but rather makes four sub-arguments, we will address each of the sub-arguments in turn.
 {¶ 9} R.C. 4141.29 sets forth the statutory authority for an award of unemployment benefits and provides that "[e]ach eligible individual shall receive benefits as compensation for loss of remuneration due to involuntary total or partial unemployment in the amounts and subject to the conditions stipulated in this chapter." A claimant who quit his or her work without just cause or has been discharged for just cause in connection with his or her work is not entitled to unemployment compensation benefits. R.C. 4141.29(D)(2)(a). Conversely, a party is entitled to unemployment compensation benefits if he or she quits with just cause or is discharged without just cause. Atkins v. Dir., OhioDept. of Job Family Serv., Franklin App. No. 08AP-182, 2008-Ohio-4109. Whether just cause exists depends on the factual circumstances of each case and is largely an issue for the trier of fact. Id.; Watkins v.Dir., Ohio Dept. of Job Family Serv., Franklin App. No. 06AP-479,2006-Ohio-6651. Determination of purely factual questions are primarily within the province of the hearing officer and the commission.Watkins, at ¶ 16.
 {¶ 10} Upon appeal to the court of common pleas, "the court shall hear the appeal on the certified record provided by the commission."Atkins, at ¶ 13. A reviewing court is not permitted to make factual findings, determine the credibility of witnesses, or substitute its judgment for that of the commission; where the commission might reasonably decide either way, the court's have no authority to upset the commission's decision. Watkins, *Page 6 
at ¶ 16, citing Irvine v. Unemployment Comp. Bd. of Review (1985),19 Ohio St.3d 15, 17. "If some evidence supports the commission's decision, the reviewing court, whether a common pleas court or court of appeals, must affirm." Id. at ¶ 17, citing Crisp v. Scioto Residential Serv.,Inc., Scioto App. No. 03CA2918, 2004-Ohio-6349.
 {¶ 11} R.C. 4141.281 sets forth the procedure for appealing determinations of benefit rights or claims for benefit determinations. It establishes two levels of hearing before the commission: the hearing officer level and the review level. R.C. 4141.281(C)(2). When the director transfers an appeal to the commission, the hearing before the hearing officer is de novo. R.C. 4141.281(C)(3). After the hearing officer affirms, modifies, or reverses the determination of the director, an interested party may request the commission TO review the matter. "At the review level, the commission may affirm, modify, or reverse a hearing officer's decision or remand the decision to the hearing officer level for further hearing." R.C. 4141.281(C)(4). Additionally, with respect to hearings before the commission, R.C. 4141.281(C)(2) provides that "no person shall impose upon the claimant or the employeR any burden of proof as is required in a court of law." See, also, Hansman v. Dir, Ohio Dept. of Job Family Serv., Butler App. No. CA2003-09-224, 2004-Ohio-505, ¶ 19 (the hearing officer's request for documentary evidence was not an impermissible placement of the burden of proof, but rather a request for corroborating evidence).
 {¶ 12} Here, the hearing officer found that because Shaw's work absence from February 13 to February 16, 2006 was covered under the FMLA, no points could be assessed against Shaw for this absence, and therefore, at the time of his termination, Shaw had not accumulated the 9 points necessary for termination. Consequently, the *Page 7 
hearing officer concluded Shaw was discharged from employment without just cause in connection with work and reversed the Director's redetermination. While this is not an FMLA case per se, because the hearing officer determined it was FMLA leave at issue, the implications are the same.
 {¶ 13} The FMLA provides eligible employees medical leave in the event of "a serious health condition that makes the employee unable to perform the functions of the position of such employee." Section 2623(a)(1)(D), Title 29, U.S. Code. To obtain benefits an employer may require an employee to submit certification issued by a healthcare provider. Section 2613(a), Title 29, U.S. Code. The Department of Labor regulations are more specific. When providing medical certification before the leave period begins is impossible, "the employee must provide the requested certification to the employer within the time frame requested by the employer (which must allow at least 15 calendar days after the employer's request), unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts." Section 825.305(b), Title 29, C.F.R. Thus, an employer must allow an employee at least 15 days from the time of the employer's request to submit medical certification. "At the time the employer requests certification, the employer must also advise an employee of the anticipated consequences of an employee's failure to provide adequate certification." Section 825.305(d), Title 29, C.F.R. Additionally, "the employer shall advise an employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any deficiency." Id. "If the employee never produces the certification, the leave is not FMLA leave." Section 825.311(b), Title 29, C.F.R. *Page 8 
 {¶ 14} "[T]he FMLA and accompanying regulations require employers to issue two forms of notice to employees — a generalized notice posted at the employer's premises and a customized notice of FMLA rights and procedures issued to an employee who indicates a need to take leave for an FMLA-qualifying purpose. 29 U.S.C. 2619(a) (Supp. 1997) (posting requirement); 29 C.F.R. 825.301(c) 825.302(c) (customized notice requirements)." (Emphasis added.) DeCesare v. Niles City School Dist.Bd. of Edn., 154 Ohio App.3d 644, 2003-Ohio-5349, at ¶ 10, discretionary appeal not allowed by 101 Ohio St.3d 1467, 2004-Ohio-819.
 {¶ 15} In its first argument, appellant asserts the trial court and the UCRC unlawfully "reassigned" the claimant's burden of proof to appellant to establish it complied with various FMLA regulations. However, as noted above, for hearings before the commission, "no person shall impose upon the claimant or the employer any burden of proof as is required in a court of law." R.C. 4141.281(C)(2). Here, the hearing officer found appellant did not provide Shaw with a customized notice of FMLA rights and procedures as is required by the Department of Labor's regulations. There is evidence to support this finding in that Mr. Stephens testified he verbally requested a medical excuse when Shaw returned to work. That, however, is the only evidence in the record pertaining to any sort of customized notice, and does not constitute customized notice as contemplated in DeCesare. Therefore, there is evidence in the record to support the commission's conclusion, and nothing in the record to suggest the hearing officer improperly placed the burden of proof on appellant.
 {¶ 16} Appellant also suggests the hearing officer unlawfully "reassigned" the burden of proof with respect to Shaw's protection under the FMLA. This is so because *Page 9 
according to appellant, the hearing officer did not address whether Shaw was an eligible employee, nor did it consider whether appellant was an FMLA employer. These two specific arguments, however, were not raised in the trial court and will not be considered for the first time on appeal.Cleveland H.I., Inc. v. Ohio Bur. of Emp. (May 3, 1994), Franklin App. No. 93APE10-1427 (constitutional issues not raised in the trial court will not be addressed for the first time on appeal). See, also,Haynes v. Ohio Turnpike Comm., Cuyahoga App. No. 89342, 2008-Ohio-133 (a party may not raise issues or assert new legal theories for the time before an appellate court).
 {¶ 17} Appellant next argues the trial court erred in failing to consider appellant's verbal request for medical certification. Appellant suggests the trial court found Mrs. Shaw's testimony sufficient to preclude appellant from assessing any points against Shaw for the February 2006 absence. We do not find this to be an accurate representation of the trial court's decision. The trial court concluded Mrs. Shaw's testimony was sufficient to apprise appellant of Shaw's request to take time off for a serious health condition. The trial court went on to find the record supported the UCRC's determination that while an employer is permitted to request medical certification, in this instance, it failed to do so properly, and therefore, the leave could not be denied as FMLA leave on the basis that Shaw failed to provide adequate medical certification.
 {¶ 18} Lastly, appellant contends the trial court failed to apply longstanding precedent allowing employers to discipline employees for excessive absenteeism. The trial court, however, did nothing of the sort. The UCRC determined the point assessed against Shaw for February 2006 was in error. Therefore, when Shaw was terminated he had only 8 points, which was 1 point shy of the 9 points contractually required for *Page 10 
employment termination. Thus, the UCRC concluded Shaw was terminated from employment without just cause. The trial court reviewed the record and determined the record contained evidence to support the UCRC's determination. Thus, the trial court did not find the commission's decision was unlawful, unreasonable, or against the manifest weight of the evidence. Pursuant to the collective bargaining agreement between the parties, if an employee accumulated 9 attendance points, the employee was subject to termination of employment. The issue in the matter sub judice was whether Shaw was terminated from employment with or without just cause in connection with his work, i.e., if he had accumulated nine points to constitute just cause for his termination. Contrary to appellant's assertion, the issue was not, and the trial court made no such findings, that an employee cannot be disciplined for excessive absenteeism.
 {¶ 19} Upon review of the record, we find no merit to the various arguments raised by appellant. Consequently, we find the trial court did not err in affirming the commission's decision because the hearing officer's decision was not unlawful, unreasonable, or against the manifest weight of the evidence. Accordingly, we overrule appellant's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BROWN and FRENCH, JJ., concur. *Page 1