KIIKKA, APPELLANT, *v.*
ADMINISTRATOR, OHIO BUREAU OF
EMPLOYMENT SERVICES, ET AL.,
APPELLEES.

(No. 48531—Decided February 11,
1985.)

*Dimitri Kotzamanis,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard L. Friedman,* for appellees.

PARRINO, P.J. Claimant-appellant, Dale Kiikka, was employed by Hogen Industries, Inc. from 1977 to March 25, 1983 as a machinist. He was discharged on March 25, 1983. Subsequently, appellant filed for unemployment compensation.

Appellant testified at a hearing before a referee that the only explanation given to him by his employer for the discharge was his refusal to work overtime. However, he testified that Thomas Hogen told appellant that was only "in part" the reason.

Thomas Hogen testified at the hearing that Kiikka was discharged for several reasons including (1) a high degree of tardiness, (2) refusal to work overtime, (3) neglect and abuse of equipment, (4) failure to keep work area clean and safe, and (5) bad attitude exemplified by inability to get along with his foreman and fellow employees. In August 1982, Kiikka was given one day off from work for tardiness. Appellant was tardy on one hundred twenty-one days in 1981. He was late twenty-seven times in 1982 when Hogen Industries was operating on three- and four-day weeks. He was also tardy several days in 1983.

Claimant filed for unemployment benefits claiming he was discharged without just cause. The claim was denied by the Administrator on April 21, 1983 and claimant pursued his claim through the administrative process. After a hearing the referee concluded in findings of fact and conclusions of law that claimant was discharged for just cause for repeated tardiness and refusal to work overtime. The Board of Review denied further appeal on September 19, 1983 and claimant filed a timely notice of appeal to the court of common pleas where the denial of benefits was affirmed on March 23, 1984.

Claimant is before this court on timely appeal and assigns one error for review:

"The trial court erred in finding that the decision of the Unemployment Compensation Board of Review was supported by the evidence and was not unlawful or unreasonable."

Appellant initially contends that he was entitled to a warning by his employer that his behavior was not acceptable. The record reveals that he was given a warning in the form of one day off for excessive tardiness in August 1982. Furthermore, appellant was not entitled to a warning that his tardiness could result in the loss of his job. *Nurse* v. *Bd. of Rev.* (Feb. 18, 1981), Summit App. No. 9836, unreported.

Appellant next argues that his employer had no just cause for discharg-

ing him. Tardiness clearly provides an employer with just cause for dismissing an employee. *Id.* at 4. *Hoffman* v. *Bd. of Rev.* (Ohio C.P. 1975), CCH Unemp. Ins. Rept., Paragraph 8951, at 38, 734, 1971-1979 Ohio Transfer Binder; *Jeffries* v. *Bd. of Rev.* (Ohio C.P. 1960), CCH Unemp. Ins. Rept., Paragraph 8034, at 38,555, 1959-1963 Ohio Transfer Binder.

The record reveals that appellant was habitually tardy in 1981, 1982 and 1983. Clearly such conduct on the part of appellant was not in the best interests of his employer.

Finally, appellant contends that he was unaware of any work rules governing situations where any employee was constantly tardy or refused to work overtime. However, this court has previously held, "the critical issue is not whether an employee has technically violated some company rule, but rather whether the employee, by his actions, demonstrated an unreasonable disregard for his employer's best interests. * * *" *Stephens* v. *Bd. of Rev.* (May 22, 1980), Cuyahoga App. No. 41369, unreported, at 3. Appellant's chronic tardiness, which continued even after a warning from his employer, exhibited an unacceptable disregard for his employer's best interests.

For the foregoing reasons, appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PRYATEL and KRUPANSKY, JJ., concur.