Plaintiff-appellant Glynis Deadwyler appeals from the trial court's order which affirmed the defendant-appellee Ohio Unemployment Compensation Review Commission's[1] denial of unemployment compensation benefits.
From January 1, 1992, until July 12, 1996, the claimant, Ms. Deadwyler, was employed by the Village of Oakwood (Village) as a secretary. Ms. Deadwyler was terminated from her employment for misconduct which occurred after the Village council meeting on June 11, 1996, between herself and Councilperson, Josephine Jedinak. The Review Commission's hearing officer determined the facts as follows:
 After the council meeting was over, claimant came to the table where the council member was sitting. Claimant wanted to look over proclamations which had been issued. The council member was approached by claimant and her friend. They wanted to talk.
 The council member had felt antagonism during the council meeting and did not chose (sic) to talk at that time. Claimant insisted that the council member speak with her. The council member did not respond.
 Claimant uttered the "f" word toward the council member twice. The council member pointed her finger toward the claimant and cautioned the claimant not to use these words toward her. Claimant then slapped the council member on the face, causing the papers in her hand to fly in different directions.
The hearing officer further found that "Claimant's demeanor at this hearing is aggressive and argumentative and supports a conclusion that she is capable of this type of action. The weight of the evidence supports the employer's position." The hearing officer concluded such action by the claimant was in complete disregard of the employer's interest. The hearing officer ultimately determined that the claimant was discharged with just cause in connection with work.
The appellant set forth the following proposition which will be considered as her assignment of error:
 IT WAS UNLAWFUL, UNREASONABLE, OR AGAINST THE EVIDENCE FOR THE REVIEW COMMISSION TO DETERMINE THAT PLAINTIFF WAS TERMINATED FOR JUST CAUSE IN CONNECTION WITH WORK, THUS, PLAINTIFF'S INELIGIBILITY FOR UNEMPLOYMENT BENEFITS SHOULD BE REVERSED.
The appellant argues that there was no deliberate violation of work rules; that there was no willful disregard of the employer's interest; that she was not terminated in connection with work; and that she was not terminated for just cause.
An appellate court may reverse the Ohio Unemployment Compensation Review Commission's "just cause" determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas, Plakas Mannos v. Ohio Bur. of Emp.Serv. (1995), 73 Ohio St.3d 694, syllabus one. Appellate courts are not permitted to make factual findings or determine the credibility of witnesses, but have a duty to determine whether the review commission is supported by the evidence in the record.Irvine v. Unemp. Comp. Bd. of Review (1985), 19 Ohio St.3d 15. The fact that reasonable minds might reach different conclusions is not a basis for reversal of the review commission's decision.Fredon Corp. v. Zelenak (1997), 124 Ohio App.3d 103.
In order to be eligible for unemployment compensation benefits in Ohio, a claimant must satisfy criteria established in R.C.4141.29(D)(2)(a). The statute mandates that no individual may be paid benefits for the duration of unemployment if the administrator finds that the employee quit work without just cause or has been discharged for just cause in connection with work.
Just cause is the type of conduct that an ordinarily intelligent person would regard as a justifiable reason for discharging an employee. Irving, supra; Lombardo v. Ohio Bur. ofEmp. Serv. (1997), 119 Ohio App.3d 217. This court has held that the critical issue is not whether an employee has technically violated some company rule. Kiikka v. Ohio Bur. of Emp. Serv.
(1985), 21 Ohio App.3d 168. Rather, an employee is considered to have been discharged for just cause when the employee, by his actions, demonstrated an unreasonable disregard for his employer's best interest. Id. at 169. The determination of whether just cause exists necessarily depends upon the unique factual considerations of the particular case. Tzangas, supra,
citing to Irvine, supra.
The Supreme Court in Tzangas, supra, stated clearly that just cause determinations in the unemployment compensation context must be consistent with the legislative purpose underlying the Unemployment Compensation Act. The court found that the Act was intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own. The Act does not exist to protect employees from themselves, but to protect them from economic forces over which they have no control. Id. at 697. Where an employer has been reasonable in finding fault on behalf of an employee, the employer may terminate the employee with just cause. Tzangas at 698. Fault on behalf of the employee remains an essential component of a just cause. Id.
Thus, the question before this court in the case sub judice is whether or not the decision of the trial court was unlawful, unreasonable, or against the manifest weight of the evidence where the hearing officer found the employee's discharge to be with just cause based upon a factual determination that the claimant, an employee of the Village of Oakwood, struck a village councilperson on the face during off-work hours. A review of the record shows that the factual determination by the hearing officer is supported in the record by hearing transcript as a whole and by the specific testimony of Ms. Jedinak. Two related questions arise which require further analysis: 1) whether or not the appellant's conduct may be considered related to her work; and, 2) whether or not the appellant was discharged for just cause.
As to the first question, the trial court in its opinion adroitly noted that the appellant is an employee of the Village and thus, a part of that local government organization. The appellant assaulted a Village Councilperson, Jedinak, while the councilperson was engaged in the course of official duties on behalf of the organization. The assault occurred after a council meeting, but before Ms. Jedinak left the city building and returned to private activity. Given the facts, the conduct which lead to the appellant's termination, while not occurring as a result of her secretarial work, was related to her work in that she interfered with the operation of the governmental organization.
As to the second question, this court finds an ordinarily intelligent person employed by a city or village, with or without an employee handbook[2], would understand that striking a councilperson on the face, during work hours or afterwards, would be just cause for termination of employment. Just as in inWintucky v. North Coast Cable Ltd. (Dec. 1, 1994), Cuyahoga App. No. 66643, unreported, the appellant's behavior reflected poorly on her employer and was an embarrassment to it. Such behavior constitutes a complete and willful disregard of the employer's interest. Id. The public physical assault of a superior within the organization, even though the person was, not a direct supervisor, presented just cause for termination[3]. The trial court did not err in upholding the determination of the Review Commission.
The appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
KENNETH A. ROCCO, P.J., and ANNE L. KILBANE, J., CONCUR.
 __________________________________ JAMES D. SWEENEY JUDGE
[1] The Ohio Unemployment Compensation Board of Review has become the Ohio Unemployment Compensation Review Commission.
[2] The appellant raised two procedural issues regarding the existence or non-existence of an employee handbook at the time of the assault. Both of these procedural issues are moot as this court determines that even without an employee handbook the result of the appeal would be the same.
[3] The appellant has alleged that the Village terminated her employment in retaliation for filing a civil rights action. While a serious accusation, this court has found the termination to be with just cause based solely upon the appellant's conduct.