JOURNAL ENTRY AND OPINION
This case involves an administrative appeal from the Ohio Unemployment Compensation Review Commission (Review Commission). The Review Commission denied appellant-Elba Guzman's (appellant) application for unemployment benefits finding she was discharged from her employment for just cause. Appellant contends the finding that she was discharged by her employer, the Roman Catholic Diocese, for just cause in connection with her work is not supported by the record.
The record demonstrates appellant was employed by the Roman Catholic Diocese from October 8, 1990 to January 23, 1998, as a counselor. The duties associated with this position included selling graves, mausoleum space, headstones, and vaults.
In December 1997, appellant was notified by the Diocese that an internal reorganization was being undertaken and she was being reassigned to two cemeteries in Lorain, Ohio. The Diocese believed this would be beneficial because appellant speaks fluent Spanish and the Lorain area contains a large population of Hispanics.
Shortly after her reassignment, appellant advised the Diocese she was not happy with the transfer. Appellant complained the commute was too far as she had a thirty (30) mile commute to and from work, that the transfer was done arbitrarily, and she objected to not having an office or a secretary and was unable to accept phone calls. The Diocese told appellant to give the new assignment some time. However, appellant's difficulties continued and the Diocese noted Guzman's attitude deteriorated, she did not speak to her supervisor when greeted in the morning, and was sending improper correspondence to grieving families.
On January 23, 1998, appellant met with the Diocese and was informed that she was being released from her employment. Six days later, appellant filed an application for unemployment benefits. On March 23, 1998, an administrator determined appellant was discharged from her employment without just cause and allowed her claim. The Diocese asked for reconsideration of the allowance, but the administrator affirmed the allowance.
Thereafter, the Diocese filed an appeal to the Review Commission. The Review Commission held a hearing on August 3, 1998. At the hearing, Thomas Kelly testified he was the Chief Operating Officer for the Catholic Cemeteries. He stated after appellant's reassignment she was warned three or four times about her poor work performance, her attitude, and insubordination. Kelly testified that a meeting was held and appellant told him she was unhappy with her reassignment. Kelly stated he told appellant the reorganization was working at all the other cemeteries and she would have to adjust. Kelly said appellant's poor performance continued so she was eventually fired. On cross-examination, Kelly stated appellant was not reprimanded for anything prior to the reassignment.
Next, appellant testified. She said the Diocese told her she was discharged because the prior program she was working under, called preneed, was being dissolved. She also stated she requested meetings on three separate occasions to discuss her reassignment. In addition, appellant testified she was never given verbal or written reprimands and was never disciplined, demoted, or punished. Plus, appellant said she never received any complaints from her superiors. Appellant stated she was dissatisfied with her job because she was doing clerical tasks instead of meeting with people and accepting calls. Lastly, she said she did not quit her job and she would still be working for the Diocese if it had not fired her.
The next witness to testify was Andrej Lah who worked for the Diocese. He stated he was present at the meeting where appellant was fired. Lah testified appellant was informed she was being fired because of the errors she was making and her poor attitude toward her immediate supervisor. Lah also stated appellant was not informed at the meeting she was being fired because the pre-need program was being eliminated.
On August 11, 1998, the hearing officer mailed her decision to the parties. In her decision the hearing officer determined the Diocese had just cause for discharging appellant and her claim for unemployment benefits was disallowed. In support of her decision, the hearing officer reasoned:
 Claimant was dissatisfied with the work environment in Lorain, Ohio. Claimant was disrespectful toward her supervisor. Claimant complained about the distance which she had to travel on a daily basis. Claimant was not following the format in sending letters to grieving families. Claimant's attitude reflected her job dissatisfaction. Such action by the Claimant is in complete disregard of her employer's interest.
 One of the issues before the Hearing Officer is the credibility of the witnesses, as there is conflict in the sworn testimony of the parties. Claimant continues to assert that she was told by Roman Catholic Diocese that she was being separated because of the reorganization plans. At this hearing, claimant has admitted that the reorganization took place in December 1997, and this resulted in her transfer to Lorain County, Ohio.
 Roman Catholic Diocese continues to assert that claimant was working with grieving families and should have exhibited compassion and understanding. It further continues to assert that claimant's attitude was hostile in her attitude toward her supervisor and her work environment.
 The weight of the evidence supports the employer's position that claimant was not performing her job in a satisfactory manner and her actions were detrimental to the employer.
 Based on the probative evidence as introduced, and the record itself, it must be held that claimant was discharged by Roman Catholic Diocese for just cause in connection with work.
Subsequently, appellant appealed the Review Commission's decision to disallow her claim for unemployment benefits to the Cuyahoga County Court of Common Pleas. On March 1, 1999, the trial court affirmed the Review Commission's decision stating:
 Upon consideration of the briefs of the parties it is the finding of this court that the decision of the review commission was not unlawful, unreasonable, or against the manifest weight of the evidence. Accordingly, the decision of the review commission is hereby affirmed.
Final.
Appellant filed a timely notice of appeal with this court and presents a single assignment of error which states as follows:
 THE COURT ABUSED ITS DISCRETION AND DEMONSTRATED BIAS WHEN IT AFFIRMED THE DECISION OF THE REVIEW COMMISSION, WHICH IS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE, AND COMMITTED REVERSIBLE ERROR WHEN IT AFFIRMED THE DECISION OF THE HEARING REFEREE, WHICH DENIED BENEFITS TO CLAIMANT AFTER HER DISCHARGE, WITHOUT CAUSE, WHEN THE EMPLOYER ONLY SOUGHT TO FIND REASONS FOR HER DISCHARGE AFTER SHE REFUSED TO SIGN A RELEASE OF HER STATE AND FEDERAL EMPLOYMENT RIGHTS.
First, appellant argues the following hearing officer's findings are against the manifest weight of the evidence: (1) that office space was not available to appellant, (2) that appellant's attitude deteriorated, and (3) that appellant's negative attitude affected her work performance. Second, appellant argues there was no justification for her discharge. She claims there was no evidence of customer dissatisfaction with her work performance and there were no negative notations in her personnel file. In addition, she maintains requesting a more adequate work environment and the Diocese attributing her discharge to reorganization does not justify her discharge. Lastly, appellant contends the trial court abused its discretion in affirming the decision of the Review Commission which relied on the factually defective arguments presented by the Diocese. Appellant argues there is no objective evidence that she was disciplined or ever acted other than in the best interest of the Diocese. Furthermore, she claims simply because she had a personality conflict with her supervisor does not amount to just cause as the Diocese maintains.
The law is well-settled that reviewing courts may reverse unemployment compensation just cause determinations only if they are unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 696, quoting Irvine v. Unemp. Comp. Bd. of Review (1985), 19 Ohio St.3d 15, 17-18.
Concerning the determination of purely factual issues, such as the credibility of witnesses and the weight to be given to conflicting evidence, the reviewing court should defer to the Board of Review's findings. Angelkovski v. Buckeye Potato Chips Co. (1983), 11 Ohio App.3d 159, 161.
The duty of a reviewing court is to determine whether the Board of Review's decision is supported by the evidence in the record. See Tzangas, 73 Ohio St.3d at 696. This duty is shared by all reviewing courts, from the first level of review in the common pleas court, through the final appeal in the Supreme Court of Ohio. Id.
Moreover, `[t]he fact that reasonable minds might reach different conclusions is not a basis for the reversal of the board's decision.' Id. at 697, quoting Irvine,19 Ohio St.3d at 18. Ohio case law holds that an employee is considered to have been discharged for just cause when the employee, by his actions, demonstrated an unreasonable disregard for his employer's best interests. Kiikka v. Ohio Bur. of Emp. Serv. (1985), 21 Ohio App.3d 168,169. The conduct need not rise to the level of misconduct, but the employer must demonstrate some showing of fault on the part of the employee. Sellers v. Ohio Bur. of Emp. Serv. (1981), 1 Ohio App.3d 161, 164.
Thus, the issue before this court is whether the trial court's decision affirming the Review Commission's denial of unemployment benefits is unlawful, unreasonable, or against the manifest weight of the evidence. Appellant argues the hearing officer's findings that she complained about office space, she had a poor attitude, and her attitude affected her work performance were against the manifest weight of the evidence. First, the hearing officer did not state appellant complained about the office space. The hearing officer found that defendant complained about the work environment. This finding is supported by the testimony of Thomas Kelly. He testified appellant complained immediately about her reassignment to the Lorain, Ohio territory. Kelly stated she did not like the idea that she didn't have a private office. And she didn't like the idea that there was clerical work involved. This testimony supports the finding of the hearing officer. Regarding appellant's attitude, Kelly testified appellant was warned three or four times about her poor attitude and insubordination. Specifically, Kelly stated appellant came into work one morning and was greeted by her supervisor, a Sister Helen Frances. Kelly said appellant responded to this greeting by saying * * * it's only 8:25. I don't have to talk to you until 8:30.
Second, appellant claims there was no objective evidence justifying her discharge such as customer satisfaction or negative notations in her personnel file. The decision of the Review Commission and the testimony of Kelly and Lah do not refer to customer complaints or appellant's personnel file as justification for her dismissal. Rather, appellant was discharged because of her disrespect toward her supervisor, her poor attitude, and her failure to send the proper correspondence to her clients. Appellant also argues requesting a more adequate work environment and the Diocese discharging her because of a reorganization does not justify her discharge. Again, appellant was not discharged because of her complaints as to her work environment or because of the reorganization. She was dismissed, as stated above, because of her disrespect, her poor work attitude, and incompetence in composing correspondence.
Lastly, appellant claims there is no evidence that she acted other than in the best interest of the Diocese or that her personality conflict with her supervisor justified her dismissal. Kelly testified appellant was sending improper correspondence to grieving families which were not formal letters as the employee manual directed, but rather the letters were three sentence fragments. Plus, Kelly said appellant was insubordinate by telling Sister Helen in a derogatory manner that if she didn't arrive at work on time she would get there when she can. Kelly also stated the regional manager warned appellant two or three times about the insubordination and errors, but still the errors and the insubordination continued.
Based on the foregoing, we find the trial court's affirmance of the Review Commission's denial of appellant's unemployment benefits is not unlawful, unreasonable, or against the manifest weight of the evidence.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, ADMINISTRATIVE JUDGE KENNETH A. ROCCO, J., CONCUR.
 ___________________________ JOHN T. PATTON, JUDGE