[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Shirley McClure, appeals from the judgment of the trial court affirming a decision of the Unemployment Compensation Review Commission. The commission had denied McClure's claim for unemployment benefits by concluding that her employment with Gannett Media Technologies had been terminated for just cause because McClure had refused to work her assigned hours.
McClure asserts that the trial court erred by affirming the decision of the commission. McClure claims that the trial court's decision was (1) unreasonable; (2) inconsistent with law; (3) had no basis in fact; (4) was against the "preponderance of the evidence"; and (5) was against the manifest weight of the evidence. Because McClure's five "assignments of error" essentially present a single challenge to the trial court's judgment affirming the commission's decision, we recast them into a single assignment of error.
The standard of review employed by this court is the same used by the common pleas court. We may reverse the commission's determination of "just cause" only if the decision was "unlawful, unreasonable, or against the manifest weight of the evidence." Tzangas, Plakas Mannos v. OhioBur. of Emp. Serv. (1995), 73 Ohio St.3d 694, 653 N.E.2d 1207, paragraph one of syllabus. "Just cause" has been defined as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act." Irvine v. Unemployment Comp. Bd. of Review. (1985), 19 Ohio St.3d 15, 17, 482 N.E.2d 587, 589. An employer may discharge an employee for "just cause" when the employee demonstrates an unreasonable disregard for the employer's best interests. See Kiikka v.Ohio Bur. of Emp. Serv. (1985), 21 Ohio App.3d 168, 169, 486 N.E.2d 1233,1234. The disregard need not rise to the level of misconduct, but there must be a showing of some fault by the employee. See Sellers v. Bd. ofReview (1981), 1 Ohio App.3d 161, 440 N.E.2d 550.
In this case, the evidence demonstrated that, due to business reasons, the employer had changed McClure's assigned work schedule by half an hour,[1] and that McClure had refused to work the revised hours. The commission found that McClure's refusal to accommodate the employer was just cause for her discharge in that her actions had demonstrated an unreasonable disregard for the employer's interests. Upon review of the record, we cannot say that the decision of the commission was unlawful, unreasonable or against the manifest weight of the evidence. Therefore, we overrule McClure's assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Winkler, JJ.
[1] The employer altered McClure's work hours from 8:00 a.m. until 5:00 p.m. to 8:30 a.m. until 5:30 p.m.