JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant Seynabou Ndiaye appeals the trial court's decision upholding the determination by defendant-appellee Ohio Department of Job and Family Services ("ODJFS") that Ndiaye was ineligible for unemployment compensation benefits because defendant Hook Super X, Inc. ("CVS") had terminated her for just cause pursuant to R.C. 4141.29(D)(2)(a). For the following reasons, we affirm the trial court's judgment.
The record reveals that, on August 27, 2002, Ndiaye filed a claim for unemployment benefits with ODJFS. In an initial Determination of Benefits letter issued to Ndiaye, her claim was denied because her employer, CVS, had fired her for "just cause," i.e., because she had physically assaulted her supervisor, Joseph Ferguson. Ndiaye appealed this decision. In September 2002, ODJFS issued a Redetermination of Benefits, affirming its original decision. When Ndiaye appealed this redetermination, the ODJFS transferred jurisdiction of the appeal to the Unemployment Compensation Review Commission ("Review Commission"), pursuant to R.C. 4141.281(C). A hearing was held. The hearing officer determined that Ndiaye had been fired because she had physically assaulted her supervisor. Ndiaye appealed to the Hamilton County Court of Common Pleas, which affirmed the decision of the Review Commission. Ndiaye now appeals to this court, bringing forth a single assignment of error.
In her assignment of error, Ndiaye asserts that the trial court erred by "not considering all the facts and circumstances surrounding this employment at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question in order to determine the agreement's explicit and the implicit terms concerning this employment discharge." Essentially, Ndiaye challenges the Review Commission's determination that she had been fired for just cause.
When reviewing a Review Commission decision, both the trial and appellate court use the same standard of review.[1] As reviewing courts, we must afford deference to the hearing officer's factual findings. Accordingly, we may not reverse the Review Commission's denial of unemployment benefits based on its finding that an employee was terminated for "just cause" unless that finding was unlawful, unreasonable, or against the manifest weight of the evidence.[2] A reviewing court's determination that "reasonable minds might reach different conclusions is not a basis for the reversal of the [Review Commission's] decision."[3]
A terminated employee may not be awarded unemployment compensation if the discharge was for "just cause."[4]
"Just cause" has been defined as "that which, to an ordinarily intelligent person, is a justifiable reason for doing or not doing a particular act."[5] In determining the existence of just cause, one factor to consider is whether the employee, through her actions, demonstrated an unreasonable disregard for the employer's best interest.[6] The terminated employee bears the burden of demonstrating that she was not discharged for just cause and was entitled to unemployment compensation benefits.[7]
Based upon our review of the record, we hold that the Review Commission's determination that Ndiaye was fired for just cause was not unreasonable, unlawful or against the manifest weight of the evidence, and that the determination was supported by competent evidence. At the hearing, Ferguson, who was the staff pharmacist and Ndiaye's supervisor, testified that he had twice asked Ndiaye to end a telephone call, informing her that the customer's problem could be resolved via CVS's internal computer system. When Ndiaye disregarded Ferguson's directive, Ferguson hung up the phone. In response, Ndiaye pushed Ferguson and began beating on his chest. Kim Shannon, the shift supervisor on duty when the altercation had occurred, testified that she had heard raised voices in the pharmacy department, and that when she had arrived in the area, she had observed Ndiaye repeatedly hitting Ferguson. Finally, Terry Meyer, the District Manager for CVS, reviewed the altercation on the store videotape and testified that Ndiaye had repeatedly hit Ferguson after Ferguson had hung up the phone.
Ndiaye testified that she had pushed and hit Ferguson, but only as a means of self-defense. Although Ndiaye did testify that Ferguson was the initial aggressor, Ferguson testified that he had not hurt her when he had hung up the phone, and Meyers testified that Ferguson's actions on the videotape had not appeared aggressive. In light of these circumstances, we cannot say that the Review Commission's decision that Ndiaye had been terminated for just cause (fighting in the workplace) was unlawful, unreasonable or against the manifest weight of the evidence. Repeatedly hitting a co-worker in the work place in front of a customer is not in the employer's best interest. The single assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Hildebrandt and Painter, JJ.
[1] Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Services
(1995), 73 Ohio St.3d 694, 696-697, 653 N.E.2d 1207.
[2] Id. at 697, 653 N.E.2d 1207.
[3] Id.; citing Irvine v. Unemp. Comp. Bd. of Review (1985),19 Ohio St.3d 15, 18, 482 N.E.2d 587.
[4] Id. at 697.
[5] See Irvine, supra at 17, citing Peyton v. Sun T.V.
(1975), 44 Ohio App.2d 10, 12, 335 N.E.2d 751.
[6] Kiikka v. Admin., Ohio Bur. of Emp. Services (1985),21 Ohio App.3d 168, 486 N.E.2d 1233.
[7] See Irvine, supra.