JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Plaintiff-appellant Jeffrey Lawhorn appealed the decision of the Unemployment Compensation Review Commission ("Commission") disallowing further review of a hearing officer's determination that Lawhorn was fired for just cause and was not entitled to unemployment-compensation benefits. The trial court affirmed the Commission's decision. Lawhorn has appealed that ruling. His sole assignment of error alleges that the trial court erred in affirming the Commission's decision denying him unemployment-compensation benefits.
"An appellate court may reverse the [Commission's] `just cause' determination only if it is unlawful, unreasonable or against the manifest weight of the evidence." See Tzangas, Plakas Mannos v. OhioBur. of Emp. Servs., 73 Ohio St.3d 694, 1995-Ohio-206, 653 N.E.2d 1207. "Just cause" is "that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act." See Irvinev. Unemployment Compensation Bd. of Rev. (1985), 19 Ohio St.3d 15,482 N.E.2d 587. If the "employee's actions demonstrate an unreasonable disregard for the employer's best interest" then the employee was discharged for just cause. See Kroger Co. v. Harbour (Apr. 24, 1998), 1st Dist. Nos. C9-70428 and C-970448, citing Kiikka v. Ohio Bur. of Emp.Servs. (1985), 21 Ohio App.3d 168, 486 N.E.2d 1233. While the employee's conduct need not rise to the level of misconduct, there must be some showing of fault on the part of the employee. See Tzangas, Plakas Mannos v. Ohio Bur. of Emp Servs., supra; The Kroger Co. v. Harbour,
supra; Sellers v. Bd. of Rev. (1981), 1 Ohio App.3d 161, 440 N.E.2d 550.
Lawhorn was employed by defendant-appellee United Parcel Service ("UPS") as a delivery driver from February 2, 1987, through March 27, 2002. Each UPS driver was required to record the odometer readings on his delivery truck at the beginning and end of his shift on a "computer clip board" called a DIAD. UPS used the mileage information to establish route standards. If a driver exceeded the route standard, he could earn bonus money.
In February of 2000, Lawhorn was assigned to UPS's Blue Ash terminal. At that time, he was given a new truck and a new delivery route. Lawhorn stated that he had been driving out of the Blue Ash terminal for about two to three months when he began to believe that the odometer on his delivery truck was inaccurate. According to Lawhorn, he reported the odometer problem to a mechanic. Lawhorn stated that after he reported the odometer problem, he noticed a message on his DIAD that read "EST ODOM," which he understood to mean that he should estimate the number of miles he drove each day instead of reporting the actual odometer readings. Lawhorn continued to estimate the number of miles he drove for at least eighteen months.
UPS became aware that Lawhorn's mileage readings were inaccurate during a routine audit. The audit revealed that although there were a few days when Lawhorn had underestimated his miles driven, on most days Lawhorn had inflated the number of miles he drove. UPS's automotive department had no record of any report by Lawhorn that his odometer was inaccurate. When UPS checked the odometer, it was found to be within specifications. On March 27, 2002, UPS terminated Lawhorn for dishonesty pursuant to a union contract. Lawhorn's discharge was upheld through the union grievance procedure.
The hearing officer found that UPS had a reasonable rule requiring drivers to accurately record their odometer readings before and after their shifts, and that UPS's system of route standards and bonus pay was dependent upon accurate mileage information from the drivers. Further, the hearing officer found that Lawhorn had falsified his odometer readings on a daily basis for about two years.
Based upon the record, we cannot say that the Commission's decision that Lawhorn was terminated for just cause was unlawful, unreasonable or against the manifest weight of the evidence. The assignment of error is overruled and the judgment of the trial court is affirmed. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Sundermann, JJ.